# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Fredrick DeWayne Hines,

        Plaintiff,

v.

State of Minnesota; Minnesota Department of Corrections; Lori Swanson; Mike Dayton; Tom Roy; John Hoffman; Shane E. Wernsing; Lon Augdahl; Stephan Cranna; Jessica Buberl; James Clint Zuleger; "Commissioner of Human Services (John or Jane Doe)"; Michelle Smith; David Rheisus; Sherilinda Wheeler; Deborah MacNeill; Eric Nelson; Hannah Lindeman; Elizabeth (Beth) Strunk; Mary Spaniol; Lindsey Jennelle; Cynthia Herme; Diane Medchill; Carlirae Ronning; Mary A. Bergstad; Matthew Marsh; Jenny MacNeill; Andy DuBois; Nanette Larson; Mike Hermerding; John Melvin; Barb Manor; Amber Swanson; Elaine Crowern; "Jane Doe (Skinny Minnie), RN (MCF–OPH)"; Carla Thompson; Kathy Reid; Brenda Smith; Katherine Uhl; Jamie Peterson; "John Doe, RN (MCF-OPH)"; Coleen Loucks; Danielle Kenyon; Truman Clate; Dana Hill; Bronson Austrenge; Brian Bradley; "Lt. Unknown Hagen (CX-5 & MHU-CX-4) (PREA Investigator)"; "Lt. Unknown Monfur (CX-5 & MHU-CX-4) (PREA Investigator)"; Chad Oye; "Lt. N. Witter (PREA Investigator)"; Jeffrey Gutzmer; "Sgt. S. Swanson (CX-5)"; Tim Farmer; Matthew Johnson; Glen Lisowy; "Sgt. Unknown Bikney (CX-5)"; "Sgt. Unknown Grandstand (CX-5)"; "Sgt. Unknown Foster (CX-4)"; Lon Hovak;

Civ. No. 18-3250 (ECT/BRT)

**REPORT AND RECOMMENDATION**

Craig Thacker; Christopher Ewald; Matthew Cash; "Unknown Speilman (CX-5 & MHU-CX-4)"; "D. Strickland (CX-5)"; "B. Lor (CX-5)"; "Unknown Giraud (CX-5 & MHU-CX-4)"; "Unknown Uhl (CX-5)"; Bret Rangstich; "S. Stanley (CX-5 & MHU-CX-4)"; "Unknown Kosh (CX-5 & MHU-CX-4)"; Victor Torres; "Unknown Jackson (CX-5 & CX-4)"; Jerry Thor; Adam Perry; "Unknown Berts (CX-5 & MHU-CX-4)"; "J. Priase (CX-5; CX-4)"; Briah Rhor; Carlton Perry; "J. Fredrick (CX-5 & MHU-CX-4)"; "Unknown Minke (CX-5 & MHU-CX-4)"; "F. Wilson (CX-5 & MHU-CX-4)"; "Unknown Antilla (CX-5 & MHU-CX-4)"; "Unknown Minneto (CX-5 & MHU-CX-4)"; "Unknown Graves (CX-5 & MHU-CX-4)"; "K. Fisher (CX-5 & MHU-CX-4)"; "C. Smith (CX-5, CX-4)"; Mic Klin; Brandon Huynh; "J. Smith (CX-5, CX-4)"; Anthony Crea; "Unknown O'Neill (ACU, CX-5 & CX-4)"; Doug Witte; Todd Bergstad; "Unknown O'Neill (CX-5-MHU, CX-4 & ACU-Unit)"; "A. Yates (CX-5 & CX-4)"; James Toughy; and "Inmate (Drama) CX-4";

      Defendants.

Fredrick Dewayne Hines, OID # 245045, MCF-Oak Park Heights, *pro se* Plaintiff.

Anthony J. Novak, Esq., Larson King, LLP, counsel for Defendants Lon Augdahl, M.D., Stephen Craane, M.D., and Deborah MacNeill, M.D.

2

BECKY R. THORSON, United States Magistrate Judge.

In this action, *pro se* Plaintiff Fredrick Dewayne Hines, a prisoner confined at the Minnesota Correctional Facility ("MCF") in Oak Park Heights, Minnesota, alleges claims under federal and state law against nearly one hundred defendants. (Doc. No. 1, Compl.) Three of those Defendants—Lon Augdahl, Stephen Craane, and Deborah MacNeill (the "Centurion Defendants")—move to dismiss for failure to state a claim. (Doc. No. 35.) For the reasons stated below, this Court recommends that the Centurion Defendants' motion be denied.

## I.   Background

Plaintiff filed this action on November 26, 2018. (*See* Compl.) He presents a variety of allegations, including that he was raped by guards and inmates, that he was denied medical treatment made necessary by these attacks, and that he was falsely diagnosed with mental illnesses and is being given improper medications. (*See id.*) According to Plaintiff's Complaint, Defendant Augdahl is a medical doctor, Defendant MacNeill is a mental health worker, and Defendant Craane is a physician at MCF-Oak Park Heights. (*Id.* ¶¶ 12, 13, 18.)[1] They are sued in their individual and official capacities. (*Id.*)

Plaintiff's Complaint is twenty-eight pages long and includes over one hundred numbered paragraphs. (*See* Compl.) The allegations in the Complaint that mention the Centurion Defendants are as follows:

---

[1]   Plaintiff misspelled Defendant Craane's name "Stephan Craana." (Compl. ¶ 13.)

29. Elizabeth (Beth) Strunk worked with M. Bergstad and they along with **Dr. Deborah MacNeill** . . . gave an assessment of delusional disorder, some including Hannah Lindeman approached and talked to me like I was a crazy person, unconcerned and [equating] a mental health issue to a rape victim.

. . .

42. Mental health **Dr. Deborah MacNeill** is a [doctor] Hines never ever spoke with, while housed in CX-4. No one ever introduced themselves as Dr. MacNeill, and her assessment is based on 2-yrs of psychological torture to induce negative responses from Hines being raped and tortured.

. . .

51. **Dr. Lon Augdahl**, came and did a minor mental assessment, witnessed me playing chess, and when asked 'how do you [equate] such mental health findings,['] he stated 'that's why I am here.'

. . .

60. Both Gutzmer & Lisowy used Eric Nelson & **Deborah MacNeill**; to re-articulate the already known false mental health diagnosis of provisional delusional disorder, persecutory type; premorbid paranoid personality disorder, antisocial personality disorder (per **Deborah MacNeill**, 8/14/2018). The [district court] validated psychological torture, in <u>Hines v. Smith et al., 16-cv-3797</u>.

61. Hines now believe several mental health workers are trying to validate a mental health issue to accommodate this erroneous civil commitment. Lindeman; Nelson; **MacNeill**[2] while trying to stop Hines from exposing false imprisonment, and getting out of prison, for a rape of child under 13, he never raped a child alleged victim was 49 yrs. old.

. . .

63. Hines was given [attorney] Jessica Burberl who aided and works with the mental health unit. Helping them civil commit Hines refusing to withdraw when asked as [attorney]. Told Hines you can't

---

[2]  It is not entirely clear if this allegation relates to Centurion Defendant Deborah MacNeill or another defendant named Jenny MacNeill.

4

represent yourself, I'm your [attorney] she said, and never objected during hearing, of Dr. Shane E. Wernsing claims validating what **Dr. Deborah MacNeill**, and Eric Nelson placed before the Court. When he never spoke with Hines to validate their findings, because **D. MacNeill** doesn't . . .[3]

. . .

76. **Def. Augdahl** indicated that I would be 'forced' to take this medicine over my religious rights and beliefs against mind & mood altering medicines, violating my First Amendment rights.

. . .

97. The acts of Defendants **D. MacNeill** [and several other defendants] willful assignment of a order indicating Hines was and is delusional, anti-social, persecutory type . . . . These defendants exhibited deliberate indifference to Hines mental health needs and well being.

. . .

100. The acts of Defendants [**Craane**] . . . willful disregard and a calloused indifference, due to invidious discrimination were both deliberate indifferent and ignored Hines pleas for assistance, equating Hines a rape victim as a nuisance with a mental health issue as instructed by security . . . .

(*See* Compl.)

Plaintiff alleges that the various Defendants (including the Centurion Defendants) were deliberately indifferent to his medical needs under the Eighth Amendment. (Compl. ¶¶ 94, 96, 97, 100.) Plaintiff also alleges that his First Amendment free-exercise rights were violated when he was forced to take certain types of medications. (*Id.* ¶¶ 76, 98.) Plaintiff seeks declaratory relief, injunctive relief, and compensatory and punitive damages. (*Id.* at pages 22–28.)

---

[3]   The word that finishes this sentence is illegible.

## II. Analysis

The Centurion Defendants argue that Plaintiff's claims should be dismissed on res judicata grounds based on the judgment in a previous case, *Hines v. Smith*, Case No. 16-cv-3797 (D. Minn.).[4] (Doc. No. 36, Centurion Defs.' Mem. 6–9.) The Centurion Defendants further argue that this action should be dismissed because Plaintiff's Complaint violates Federal Rule of Civil Procedure 8's requirement that the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.* at 9–11.) Finally, the Centurion Defendants argue that Plaintiff's Complaint does not state a claim upon which relief may be granted. (*Id.* at 11–12.) In opposition, Plaintiff maintains that res judicata should not apply because he has "presented two different claims." (Doc. No. 65, Pl.'s Mem. 2.) Plaintiff also argues that he has alleged enough to state a plausible claim for relief. (*Id.* at 1–2.)

### A. Standard of Review

Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550

---

[4]   The case is currently pending on appeal before the Eighth Circuit. *Hines v. Smith*, Case No. 19-1358 (8th Cir.).

U.S. at 570). Under the current pleading standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555. Thus, the Court in examining a motion to dismiss must determine whether the plaintiff raises a plausible claim of entitlement to relief after assuming all factual allegations in the complaint to be true. *Id.* at 558. Pro se complaints, however, "must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). A motion to dismiss for failure to state a claim under Rule 12(b)(6) is the "appropriate vehicle" for dismissal based on res judicata. *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018).

### B.  Res Judicata

Under federal common law,[5] the "preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). To establish that res judicata bars a claim, the party seeking to invoke the doctrine must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the

---

[5]  A federal court applies federal law to determine the preclusive effect of a judgment in a case based on federal question jurisdiction, such as *Hines v. Smith*, Case No. 16-cv-3797 (D. Minn.). *See Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 973 (D. Minn. 2014).

same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008).

The Centurion Defendants cannot meet the third element—that both actions involve the same parties—because the Centurion Defendants were not parties to the 2016 action. *See Hines v. Smith*, Case No. 16-cv-3797. The Centurion Defendants argue that this element is met because while "Plaintiff has included additional defendants in the current Complaint, Plaintiff had an opportunity to litigate his claims in the prior lawsuit against all of the defendants named in the current Complaint." (Centurion Defs.' Mem. 8.) The fact that Plaintiff *could have* brought claims against the Centurion Defendants in the previous action is not enough to satisfy the requirement that the earlier claim involved the same parties or their privies.[6] The Centurion Defendants also argue Plaintiff's various attempts to amend the complaint in the previous action were denied, and such a denial "constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading . . . even when denial of leave to amend is based on reasons

---

[6] The Centurion Defendants do not argue that they are in privity with the defendants in Case No. 16-cv-3797. It appears that the Centurion Defendants are private medical professionals that provide healthcare to prisoners under a contract with the Minnesota Department of Corrections. The defendants in Case No. 16-cv-3797 were Minnesota state employees, and it is not altogether obvious or apparent that the legal rights of private actors, even acting pursuant to a government contract, would be "adequately represented" by the government in prior litigation. *See United States ex rel. The Yankton Sioux Tribe v. Gambler's Supply, Inc.*, 925 F. Supp. 658, 664 (D.S.D. 1996) ("Although there is no strict test for privity, the linchpin is whether the non-party was adequately represented in the original action.") (citing *Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990)). Indeed in this action, which includes several state employees represented by the Minnesota Attorney General, the Centurion Defendants have separate counsel.

8

other than the merits, such as timeliness." (*Id.* (quoting *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003).) This argument is unpersuasive because Plaintiff did not attempt to add claims against the Centurion Defendants by motion practice in Case No. 16-cv-3797. (*See* Case No. 16-cv-3797, Doc. Nos. 80, 164-1.)

Because the Centurion Defendants were not parties or in privity with any parties in Case No. 16-cv-3797, this Court concludes that res judicata does not bar Plaintiff's claims against the Centurion Defendants.

### C. Rule 8; Failure to State a Claim

The Centurion Defendants argue that the Complaint violates Rule 8 because it is "incomprehensible," the allegations "are not presented in any logical order, and the information provided by Plaintiff is confusing. It is difficult to understand what claims Plaintiff is attempting to assert." (Centurion Defs.' Mem. 11.) Difficult, perhaps, but not impossible. It bears repeating that pro se pleadings "must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849. This Court is able to discern at least two claims against the Centurion Defendants: a deliberate indifference claim under the Eight Amendment, and a free exercise claim under the First Amendment.

The Centurion Defendants also argue that Plaintiff offers only conclusory statements that they acted with deliberate indifference towards his mental health needs. (Centurion Defs.' Mem. 12.) Given the length of Plaintiff's complaint and the number of allegations, this Court does not agree that Plaintiff's allegations are merely conclusory.

9

For example, Plaintiff makes repeated allegations regarding a false mental health diagnosis. (*See* Compl. ¶ 60 (referring to the "false mental health diagnosis of provisional delusional disorder, persecutory type; premorbid paranoid personality disorder, antisocial personality disorder (per Deborah MacNeill, 8/14/2018)"); ¶ 97 (alleging that the "acts of Defendants D. MacNeill [and several other defendants] willful assignment of a order indicating Hines was and is delusional, anti-social, persecutory type . . . . These defendants exhibited deliberate indifference to Hines mental health needs and well being").) Plaintiff's allegation that the Centurion Defendants acted with intent to hurt him by giving him treatment they knew he did not need exceeds the level of culpability required to state a deliberate indifference claim. *See Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001) (explaining that deliberate indifference "includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk"); *Rosario v. Brown*, 670 F.3d 816, 821 (7th Cir. 2012) ("The deliberate indifference standard requires more than a finding of negligence but less than a showing of intentional harm.").

For these reasons, Plaintiff's claims against the Centurion Defendants should not be dismissed for failure to state a claim upon which relief can be granted.

### III.  Recommendation

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  The Motion to Dismiss by Defendants Lon Augdahl, M.D., Stephen Craane, M.D., and Deborah MacNeill, M.D. (Doc. No. 35) be **DENIED**.

Dated: May 10, 2019.                           *s/ Becky R. Thorson*_____
                                               BECKY R. THORSON
                                               United States Magistrate Judge


**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).